## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN BURKE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>THE BURLINGTON NORTHERN )<br>AND SANTA FE RAILWAY )<br>COMPANY, )<br>)<br>Defendant ) | Case No. 12-1161 |

# ORDER

This matter is now before the Court on Defendant The Burlington Northern and Santa Fe Railway Company's ("BNSF") Motion for Costs [167]. Plaintiff filed an Objection to Defendant's Motion for Costs, citing the indigency exception [168]. This matter has been fully briefed and for the reasons set forth below, Defendant's Motion for Costs [167] is RESERVED.

### ANALYSIS

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920. See Crawford v. Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. See Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). "The

presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." Id. (citation omitted). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991). The Court's discretion in determining costs is not absolute. The Court must determine "the expenses are allowable cost items and that the amounts are reasonable and necessary." Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 642 (7th Cir.1991). The Court notes that Plaintiff has not objected to the costs as being unreasonable or unnecessary.

It is well-settled in the Seventh Circuit that it is "within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)." Badillo v. Cent. Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983); see also Mother & Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003); Reed v. Int'l Union, 945 F.2d 198, 204 (7th Cir. 1991); Congregation of Passion v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988). However, to determine whether to waive costs based on the indigency exception, the district court must conduct a two-step analysis.

First, the district court must make a threshold factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994). The losing party has the burden of proof and must provide the district court with "sufficient documentation to support such a finding." Rivera v. City of Chicago, 469 F.3d 631, 635 (7th Cir. 2006) *quoting* Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000). The Court in Rivera clearly set forth the evidence Plaintiff must provide for the district court's consideration:

> This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.

2

Rivera, 469 F.3d at 635.

The second factor considered by district court is "the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." Id. at 36. While no one factor is determinative, "the district court should provide an explanation for its decision to award or deny costs." Id.

Here, Plaintiff cites Rivera to support his assertion that he qualifies for the indigency exception; however, Plaintiff fails to provide the documentary support as set forth in Rivera. Plaintiff did not file an affidavit; instead opting to rely on his courtroom testimony that he has been unemployed for years; lives with his mother and she and another friend supports him; and has approximately $100, 000 in medical expenses from the OSF St. Francis.

Plaintiff's testimony is insufficient to prove indigency under the standard set forth in Rivera. The Court grants Plaintiff's counsel twenty-one days to locate the Plaintiff, if possible, and submit an affidavit or documentation in compliance with this order.

## CONCLUSION

For the reasons set forth above, BNSF's Motion for Costs [167] is RESERVED. Plaintiff must file the required documentation within twenty-day (21) days.

Entered this 21st day of August, 2015.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge