IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN BURKE, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. 12-1161 |
| ) | |
| THE BURLINGTON NORTHERN ) | |
| AND SANTA FE RAILWAY ) | |
| COMPANY, ) | |
| ) | |
| Defendant ) | |

## ORDER

This matter is now before the Court on Defendant The Burlington Northern and Santa Fe Railway Company's ("BNSF") Motion for Costs [167], Plaintiff's Affidavit [172], and Defendant's Supplemental Reply [174]. For the reasons set forth below, Defendant's Motion for Costs [167] is respectfully DENIED.

### BACKGROUND

On June 15, 2015, after a jury verdict, this Court entered a judgment in favor of the Defendant. On the July 13, 2015, Defendant filed a Motion for Bill of Costs requesting costs in the amount of $5,570.07. Plaintiff objected, arguing the Court should waive costs based on the indigency exception. On August 21, 2015, this Court entered an Order stating Plaintiff's objection did not meet the waiver requirements for the indigency exception and directed Plaintiff to supplement his objection. On September 11, 2015, Plaintiff submitted an affidavit.

### ANALYSIS

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920. See Crawford v. Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441

(1987). They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. See Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." Id. (citation omitted). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991). The Court's discretion in determining costs is not absolute. The Court must determine "the expenses are allowable cost items and that the amounts are reasonable and necessary." Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 642 (7th Cir.1991). The Court notes that Plaintiff has not objected to the costs as being unreasonable or unnecessary.

It is well-settled in the Seventh Circuit that it is "within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)." Badillo v. Cent. Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983); see also Mother & Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003); Reed v. Int'l Union, 945 F.2d 198, 204 (7th Cir. 1991); Congregation of Passion v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988). However, to determine whether to waive costs based on the indigency exception, the district court must conduct a two-step analysis.

First, the district court must make a threshold factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994). The losing party has the burden of proof and must provide the district court with "sufficient documentation to support such a finding." Rivera v. City of Chicago, 469 F.3d 631,635 (7th

Cir. 2006) *quoting* Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000). The Court in Rivera clearly set forth the evidence Plaintiff must provide for the district court's consideration:

> This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.

Rivera, 469 F.3d at 635.

The second factor considered by district court is "the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." Id. at 36. While no one factor is determinative, "the district court should provide an explanation for its decision to award or deny costs." Id.

Here, Plaintiff, in compliance with the standard set forth in Rivera, filed an affidavit outlining his financial status to support his assertion that he qualifies for the indigency exception. While the statements he made on social media indicate that Plaintiff may have some questionable sources of income, it also very clear that Plaintiff has led a very unproductive life over the past several years and has little, if any, financial means. Plaintiff's affidavit states he has been unemployed for years; he lives with his mother and she and another friend supports him; and he currently receives state assistance. Based on Plaintiff's sworn statement, the Court finds that Plaintiff qualifies for indigency exception.

## CONCLUSION

For the reasons set forth above, BNSF's Motion for Costs [167] is DENIED.

Entered this 14th day of October, 2015.

                                                              /s/ James E. Shadid
                                                              James E. Shadid
                                                              Chief United States District Judge